FILED



# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUISA ROSAS,

    Plaintiff,

                                        **COMPLAINT**

                                        CIV.

vs.                                   JURY TRIAL DEMANDED

Access Health Care Physicians, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Luisa Rosas ("Plaintiff"), by and through her undersigned counsel, hereby files her Complaint against Defendant, Access Health Care Physicians, LLC ("Defendant"). In support thereof, Plaintiff states:

### INTRODUCTION AND JURISDICTIONAL AMOUNT

1.     This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Florida Civil Rights Act ("FCRA") §760.01 *et seq.*, Fla. Statutes.

2.     Jurisdiction of this Court is invoked under Title VII. This Court has jurisdiction pursuant to § 1331 and § 1343 of 28 U.S.C. This Court

has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367 (a).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the unlawful employment complained of in this Complaint arose in the Middle District of Florida, where the Plaintiff was employed.

## PARTIES

4. Plaintiff, Luisa Rosas was, at all relevant times, a citizen of the State of Florida, County of Pasco. Plaintiff was an employee of Defendant from December, 2011 until her termination on September 23, 2013.

5. Defendant employed more than 15 employees at all relevant times.

6. Upon information and belief, Defendant, Access Health Care Physicians, LLC, is a limited liability corporation with its principal place of business located in Spring Hill, Hernando County, and conducts business in Hernando County. Defendant is an employer within the meaning of Title VII and the Florida Civil Rights Act.

7. Plaintiff has retained the law firm of Saady & Saxe, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorneys' fee for its services.

## ADMINISTRATIVE PROCEEDINGS

8. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in Tampa, Florida and asked that it be "dual filed" with the Florida

Commission on Human Relations on November 6, 2013 charging Defendant with unlawful discrimination concerning national origin and retaliation. Plaintiff received a Notice of Right to Sue Letter from the EEOC dated April 21, 2014.

9. The instant action is commenced within ninety (90) days of receipt of the Notice of Right to Sue Letter referenced above. Plaintiff has complied with all the jurisdictional prerequisites prior to bringing this federal lawsuit.

## FACTUAL STATEMENT

10. Plaintiff, at all relevant times, was/is a Hispanic female. Plaintiff began her employment relationship with Defendant on or about December 17, 2011. At the time of her termination, she held the position of Senior Accountant Analyst. Her performance, at all times, was very good. She received no performance warnings.

11. Plaintiff is a highly educated woman with an MBA degree. Her supervisor, Kate Peters, does not have an MBA degree.

12. Plaintiff was, at all relevant times, Hispanic and therefore a protected member under Title VII and the FCRA.

13. The discriminatory treatment against Plaintiff was brought to the attention of management and was ignored. The discrimination and retaliation culminated in Plaintiff's termination in September, 2013.

14. Plaintiff speaks both English and Spanish fluently.

15. At the time of her employment with Defendant, there were 18 employees in the accounting department. Kayla Perez (an assistant in the department) and Plaintiff were the only Hispanic employees within that department.

16. During her employment with Defendant, Plaintiff's supervisor, Kate Peters, had created a hostile work environment for Plaintiff. Ms. Peters, told Plaintiff, on a number of occasions, that "I don't think that you understand me because of the language barrier" or words to that effect. She also told Plaintiff that "you have a heavy accent" or words to that effect. This was done to belittle and make fun of Plaintiff's accent and to create a hostile work environment.

17. Kate Peters also told Plaintiff not to speak Spanish to a new employee, Kayla Perez: "I don't want you to speak Spanish to her . . . because I feel uncomfortable" or words to that effect. New employee, Kayla Perez, privately asked Plaintiff whether or not she could explain an accounting principle to her in Spanish so that she could better understand the principle. Kate Peters walked past Ms. Perez and Plaintiff when they were having their private discussion and later, reprimanded Plaintiff for talking in Spanish and told Plaintiff not to do it again. This "English only" rule was not justified by any business necessity or for safety reasons. Instead, it was a result of Defendant's discriminatory animus and prejudice.

18. During the summer of 2013, Plaintiff complained to Karen Hayes, the CFO of Defendant. Plaintiff complained of Ms. Peters' discriminatory treatment, abusive behavior, bad-mouthing of other employees, calling people "F---ing" retarded, and the fact that Ms. Peters had been complaining about Karen Hayes. Karen Hayes never advised Plaintiff if (1) there was an investigation; and/or (2) the results of such investigation. Instead, Plaintiff was retaliated against.

19. A few weeks after Plaintiff's complaints of discrimination, an employee, Kim Botelhio in Accounts Payable, complained that Plaintiff had cursed and used the "F" word.  It is quite ironic since Ms. Botelhio later used the words "F---ing BS" while talking to Plaintiff. When Ms. Peters was brought into the situation to try and resolve some issues between Plaintiff and Kim Botelhio, Ms. Peters said this is a "f---ing situation."

20. One week later, on September 23, 2013, Plaintiff was told she was being fired for using the "F" word.

21. If using the "F" word were grounds for termination, then Ms. Peters (and other non-Hispanic employees) should have been fired a very long time ago. She used the "F" word on a regular basis talking about "f---ing retarded employees," these "f---ing retarded doctors" (referring to the doctors with foreign accents), stating that the foreign doctors are "pains in the f---ing ass," or were "f---ing asses," or "f---

ing bullshit," while sometimes saying "excuse my French" after cursing.

22. All the above actions taken by Defendant were facilitated and condoned by the defective policies and procedures of Defendant, and deprived Plaintiff of equal terms and conditions of her employment. There is no reason, other than for discrimination, to have terminated Plaintiff.

23. As a direct and proximate result of this systematic and repeated discrimination and her subsequent termination, Plaintiff has suffered actual damages, loss of income, loss of opportunity, loss of benefits, loss of pay increases, and loss of her professional and personal reputation. In addition, she has suffered and continues to suffer great emotional distress.

## COUNT ONE - TITLE VII VIOLATION: NATIONAL ORIGIN

24. Plaintiff realleges paragraphs 1 to 23 above as if set forth in full herewith.

25. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of national origin, as applicable to this action.

26. Defendant is liable for the national origin discrimination alleged herein including but not limited to paragraphs 15 through 22, which actions all adversely affected the terms and conditions of Plaintiff's employment, in violation of Title VII. Defendant is also liable for wrongfully terminating Plaintiff's employment based upon her national origin.

27. Defendant and the acts and inactions of its agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

28. The actions and inactions of Defendant constitute national origin discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, consequential damages, compensatory damages, punitive damages, back pay and front pay damages, lost benefits, costs and attorneys' fees, all prejudgment interest, and all other damages and remedies available to her.

## COUNT TWO - VIOLATION OF FLORIDA CIVIL RIGHTS ACT: NATIONAL ORIGIN

29. Plaintiff realleges paragraphs 1 to 23 above as if set forth in full herewith.

30. The Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* (FCRA) makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of protected classes including, but not limited to national origin.

31. Defendant is liable for the discrimination alleged herein including but not limited to paragraphs 15 through 22 , which actions all adversely affected the terms and conditions of Plaintiff's employment, in violation of the FCRA. Defendant is also liable for wrongfully terminating Plaintiff's employment based upon her national origin.

32. Defendant and the acts and inactions of its agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

33. The actions and inactions of Defendant constitute national origin discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, consequential damages, compensatory damages, punitive damages, back pay and front pay damages, lost benefits, costs and attorneys' fees, all prejudgment interest, and all other damages and remedies available to her.

## COUNT THREE - RETALIATION UNDER TITLE VII

34. Plaintiff realleges paragraphs 1 to 23 above as if set forth in full herewith.

35. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended (Title VII) makes it unlawful to retaliate against any individual who has either opposed discrimination or participated in any proceeding within the Act.

36. Defendant retaliated against Plaintiff for complaining about national origin discrimination as described above in paragraphs 15 through 22. Defendant further retaliated against Plaintiff when her employment was terminated.

37. The acts of Defendant and their agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

38. The actions of Defendant described above constitute retaliation.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, consequential damages, compensatory damages, punitive damages, back pay and front pay damages, lost benefits, costs and attorneys' fees, all prejudgment interest, and all other damages and remedies available to her.

## **COUNT FOUR - RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

39. Plaintiff realleges paragraphs 1 to 23 above as if set forth in full herewith.

40. The Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* (FCRA) makes it unlawful to retaliate against any individual who has either opposed discrimination or participated in any proceeding within the Act.

41. Defendant retaliated against Plaintiff for complaining about national origin discrimination as described above in paragraphs 15 through 22. Defendant further retaliated against Plaintiff when her employment was terminated.

42. The acts of Defendant and their agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

43. The actions of Defendant described above constitute retaliation.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, consequential damages, compensatory damages, punitive damages, back pay and front pay damages, lost benefits, costs and attorneys' fees, all prejudgment interest, and all other damages and remedies available to her.

## JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury on all issues so triable.

_____
CLAIRE SAADY
Florida Bar No. 0102954
SAADY & SAXE, P.A.
205 Crystal Grove Blvd.
Lutz, Florida 33548
(813) 909-8855
Attorneys for Plaintiff