UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUISA ROSAS,

    Plaintiff,

v.                                                                        CASE NO: 8:14-cv-01076-MSS-MAP

ACCESS HEALTH CARE PHYSICIANS, LLC,

    Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS /STAY AND COMPEL ARBITRATION
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, ACCESS HEALTH CARE PHYSICIANS ("ACCESS"), pursuant to Rule 12, Federal Rules of Civil Procedure, and 9 U.S.C. §§ 3 and 4, hereby moves the court to grant this Motion to Dismiss and Compel Arbitration (or in the alternative Stay and Compel Arbitration), and submits the incorporated Memorandum of Law in Support Thereof. Defendant states the following in support of this Motion:

**I.     INTRODUCTION**

In this action, Plaintiff seeks to recover damages against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Florida Civil Rights Act, F.S. § 760.01 *et seq.* ("FCRA"). Specifically, Plaintiff alleges Defendant, in violation of Title VII and the FCRA, subjected the Plaintiff to a hostile work environment on the basis of her national origin and ultimately terminated her employment in retaliation for complaining about Defendant's employment practices.

1

Defendant leases its employees from Strategic Outsourcing, Inc. ("SOI"). As part of her leased employment with Defendant, Plaintiff executed an "Assigned Employee Notice and Acknowledgments" ("Agreement"), wherein Defendant is referred to as "Company" and/or "Beneficiary" a copy of which is attached hereto as "Exhibit A." In the Agreement, Plaintiff specifically agreed to arbitrate the claims raised in this action. The Agreement states in pertinent part that the Plaintiff agrees that:

> . . . Any dispute . . . arising from or relating to my employment, application for employment, or termination from employment will be resolved exclusively through binding arbitration before a neutral arbitrator in the capital or largest city of the state in which I work or another mutually agreed location . . .

The Agreement further provides that:

> The Arbitrator may grant the same remedies that would be available in a court of law (and no more), and will use the same rules of evidence as a federal court; Unless prohibited by law, costs of arbitration will be shared equally by the parties; If applicable law requires provisions in an arbitration agreement which are different from what is included here, they will be deemed incorporated to the minimum extent required; Disputes will be resolved solely upon applicable law, evidence adduced, and defenses raised, and no other basis, and the arbitrator may grant summary disposition or disposition on the pleadings; The arbitrator will render a reasoned written decision.

Additionally the Plaintiff agrees:

> **I AND SOI MUTUALLY WAIVE ANY RIGHT TO A JURY TRIAL**, and I agree to participate in any legal dispute with any Beneficiary only in my individual capacity, not as a member or representative of a class or part of a class action. I understand that nothing herein impairs my right to engage in a collective action under Section 7 of the National Labor Relations Act and I am not prohibited from complaining to government agencies or cooperating with their investigations. My agreements to arbitrate, waive jury trials, and participate only in my individual capacity are contracts under the Federal Arbitration Act and any other laws validating such agreements and waivers. No failure to strictly enforce these agreements will constitute a waiver or create any future waivers, and

no-one other than counsel for SOI (in writing) may waive this agreement for SOI. If any part is unenforceable, the rest will still be enforceable.

Any claim or controversy that arises out of or relates to this agreement, of the breach of it, should be resolved in arbitration in accordance with the Agreement, state, and federal law. Judgment upon the award rendered may be entered in a court with jurisdiction. The subject matter of this lawsuit falls squarely within the Agreement and arbitration provisions executed by Plaintiff. Thus, Plaintiff's Complaint should be dismissed as her claims against Defendants must be submitted to arbitration under the terms of the Agreement.

**II. THE COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HER CLAIMS AGAINST DEFENDANT IN ACCORDANCE WITH THE TERMS OF THE AGREEMENT**

As set forth above, Plaintiff executed the Agreement which contains a clear and unambiguous arbitration clause. The Federal Arbitration Act ("FAA") provides that a written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. The FAA also provides that a party aggrieved by the alleged failure or refusal to arbitrate under a written agreement for arbitration may seek to have the Court enter an order directing such arbitration proceed in the manner provided for in such agreement. *See* 9 U.S.C. § 4.

It is well settled that arbitration agreements are favored under the law, and all doubts concerning the scope of arbitration clauses should be resolved in favor of arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985) (holding that Federal courts should resolve all doubts in favor of arbitration);

*Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000) (recognizing that the FAA establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration); *NCR Credit Corp. v. Reptron Elecs.*, 863 F.Supp. 1561, 1564 (M.D. Fla. 1994). Moreover, courts have consistently found that claims arising under federal statutes, including Fair Labor Standards Act ("FLSA") and Title VII cases, may be the subject of arbitration agreements and are enforceable under FAA. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citations omitted) (finding arbitration agreement applicable to Title VII and FLSA claims); *Bhim v. Rent-A-Center, Inc.* 655 F. Supp. 2d 1307 (S.D. Fla. 2009) (finding arbitration agreement enforceable in a national origin case under Title VII); *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1457 (11th Cir. 1997) (finding district court's referral of FLSA claim was proper); *Chapman v. Lehman Bros., Inc.*, 279 F. Supp.2d 1286 (S.D. Fla. 2003); *Bolamos v. Globe Airport Security Services, Inc.*, 2002 U.S. Dist. LEXIS 11056 at *7 (S.D. Fla. 2002) (holding that the Plaintiff's FLSA claims fell within the reach of the parties' arbitration agreement).

In considering a motion to compel arbitration pursuant to an agreement to arbitrate, a trial court must determine: (1) whether there is a valid agreement to arbitrate between the parties, (2) whether the dispute in question falls within the scope of that arbitration agreement. *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). If the answer to these questions are in the affirmative, arbitration should be compelled. Further, Defendant has not waived its right to compel as it has not substantively participated in litigation to the point inconsistent with its intent to arbitrate.

In the instant case, all of the above factors are satisfied. First, there is a valid agreement between Plaintiff and Defendant that requires Plaintiff arbitrate any claims and/or disputes, arising out of or relating to the Agreement or the breach thereof. Second, the dispute falls within the scope of the arbitration clause of the Agreement. The language of the Agreement clearly includes claims for national origin discrimination, hostile work environment, retaliation, as well as any other labor and employment law related claim as permitted by law. As Plaintiff's claims are subject to arbitration, this Court should dismiss this action and compel arbitration. *See Caley*, 428 F.3d at 1367 (affirming dismissal where parties entered an enforceable agreement to arbitrate); *Alford v. Dean WitterReynolds, Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992) (same); *Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1998) (affirming dismissal as all claims were subject to arbitration).

### IV. CONCLUSION

Based on the foregoing, Defendant requests the Court grant this Motion, dismiss this action, and enter an order compelling Plaintiff to arbitrate her claims against Defendant, or in the alternative, staying this action and ordering the parties to arbitration.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that on June 13, 2014, he conferred with Plaintiff's counsel in good faith regarding the relief requested herein, and Plaintiff's counsel opposes the relief requested herein.

**DATED** this 13th day of June, 2014.

        Respectfully submitted,

        /s/ Bill Edwards
        Bill J. Edwards
        Fla. Bar No. 0546933
        bedwards@broadandcassel.com
        BROAD AND CASSEL
        100 N. Tampa Street
        Suite 3500
        Tampa, Florida 33602
        (813) 225-3020 (tel)
        (813) 225-3039 (fax)
        Counsel for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Noticing to all parties participating in the ECF Electronic Noticing on **June 13, 2014**.

/s/ Bill Edwards
Attorney